UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MANUEL GONZALEZ MORALES (A-Number: 249-090-953),<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL/ICE,<br><br>Respondent. | No. 1:26-cv-02579-KES-FJS (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS<br><br>Doc. 1 |

Petitioner Roberto Manuel Gonzalez Morales is an immigration detainee proceeding pro se with a petition for writ of habeas corpus. Doc. 1. On May 13, 2026, respondent filed a response arguing that the petition should be denied. Doc. 7. On September 8, 2026, petitioner filed a motion for temporary restraining order. Doc. 11. The Court has previously addressed the legal issues raised by claim two of the petition. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025).

Petitioner claims that he entered the United States in October 2023 and was "released by DHS via parole allowing [him] to be in the USA and apply for asylum." Doc. 1 at 6. Respondent does not dispute this. Respondent states that "[p]etitioner was processed for expedited removal and found to have established credible fear by United States Citizenship and Immigration Services (USCIS) and placed into removal proceedings" and that, "[s]ubsequently, [p]etitioner was released on parole." Doc. 7 at 1. And petitioner was issued a Notice to Appear, dated November 14, 2023, which stated that "[t]his notice is being issued after an asylum officer has found that [petitioner] has demonstrated a credible fear of persecution or torture." Doc. 7-2 at 2.

Respondent argues that "[p]etitioner's detention is lawful as he is being detained pursuant to the mandatory detention statute, 8 U.S.C. § 1225(b)(1)," and that "petitioners, like Roberto Manuel Gonzalez Morales, are not entitled to custody redetermination hearings by immigration judges or pre-deprivation hearings before re-detention." Doc. 7 at 1, 6. But courts in this district have held that due process requires a bond hearing when a noncitizen in petitioner's circumstances is re-detained. *See R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025); *D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026). Respondent does not raise arguments that this court has not previously considered in its prior orders.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondent is ORDERED to provide petitioner Roberto Manuel Gonzalez Morales (A-Number: 249-090-953) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondent shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondent's burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondent may extend the deadline at petitioner's

request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondent does not provide petitioner with a bond hearing within ten days, then respondent must release him.

The Clerk of Court is directed to close this case, terminate the motion for temporary restraining order as moot, and enter judgment for petitioner. The Clerk is directed to serve California City Detention Facility with a copy of this Order.

IT IS SO ORDERED.

Dated: September 11, 2026

UNITED STATES DISTRICT JUDGE