UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. G. M.,<br>Petitioner,<br>v.<br>U.S. ATTORNEY GENERAL/ICE,<br>Respondent. | Case No. 1:26-cv-02579-KES-FJS (HC)<br>(A-Number: 249-090-953)<br>ORDER DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 14) |

Petitioner Roberto M. G. M. ("Petitioner") is a federal immigration detainee who proceeded *pro se* seeking a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 14, 2026, the district judge issued an order granting the petition for writ of habeas corpus and requiring Respondent to provide Petitioner a bond hearing within ten (10) days. (ECF No. 12.) Judgment was entered the same date. (ECF No. 13.)

On September 18, 2026, Petitioner filed a motion to appoint counsel. (ECF No. 14.) The motion includes a certificate of service dated September 9, 2026, and appears to have crossed in the mail with the court's order granting the petition. (*Id.* at 3.)

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See, e.g.*, *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). But the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require."

18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Upon review of the petition and the motions filed in this action, the court finds that Petitioner appears to have a sufficient grasp of the claims and the legal issues involved to articulate his claims adequately without the assistance of counsel. Further, the court already granted Petitioner's requested relief and this action is closed. Hence, the court does not find that the interests of justice require the appointment of counsel at the present time.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Petitioner's motion to appoint counsel, (ECF No. 14), is DENIED; and
2. This action remains closed.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE